UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JAZZY D. COLLIER | ) |
| | ) 1:08-cv-119/1:06-cr-57 |
| | ) |
| v. | ) *Judge Mattice* |
| | ) |
| UNITED STATES OF AMERICA | ) |

## **MEMORANDUM**

Jazzy D. Collier ("Collier") filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct the sentence entered in his criminal case No. 1:06-cr-57 [Court Doc. 90], which the Court denied on July 17, 2009 [Court Docs. 93, 94].[1] Presently before the Court are Collier's amended § 2255 motion [Court Doc. 131];[2] motion to apply the rule of lenity [Court Doc. 136]; motion to file his amended § 2255 motion in a civil case [Court Doc. 137]; motion to grant his amended § 2255 motion "as unopposed" [Court Doc. 139]; and motion to strike the government's response [Court Doc. 141].

For the reasons explained below, Collier's amended motion is **DENIED** as time-barred [Court Doc.131]. Because his amended § 2255 motion is time-barred, his motions requesting the Court to apply the rule of lenity, file his amended § 2255 motion in a civil case, grant his amended § 2255 motion as unopposed, and strike the government's response are also **DENIED** [Court Docs. 136, 137, 139, & 141].

---

[1] The Court's record citations refer to the document numbers on the docket for Collier's criminal case (1:06-cr-57) rather than his civil case (1:08-cv-119).

[2] Although Collier filed two previous amended § 2255 motions, he was instructed to file one amended § 2255 motion consolidating all of his claims [Court Doc. 130], which he did when he filed document number 131. The Court used the date on which his first amendment was filed when calculating the one-year statute of limitations.

## I. PROCEDURAL HISTORY OF THE § 2255 MOTION

In light of the unusual posture of this case, the Court will review the § 2255 procedural history of Collier's motion. Without requiring the government to file a response to Collier's initial timely-filed § 2255 motion, the Court denied the motion on July 17, 2009, concluding it lacked merit [Court Docs. 93, 94]. The day before the Court entered its Judgment denying Collier's motion, he filed what is in effect an amended § 2255 motion [Court Doc. 95].[3] Collier subsequently filed a motion for relief from a final judgment pursuant to Rule 60(b). The Court granted the Rule 60(b) motion in part by vacating and setting aside the Court's Judgment dismissing the § 2255 motion and it denied the motion in part by rejecting his request to reconsider the denial of relief on the claims raised in the original timely-filed § 2255 motion [Court Doc. 104].

The Court permitted Collier to proceed on two claims raised in his amended § 2255 motion, and directed that counsel be appointed, that counsel file an amended § 2255 motion supplementing the two outstanding claims, and that the government file a response [Court Doc. No. 104]. Subsequent to counsel being appointed, the Magistrate Judge conducted a hearing on Petitioner's motion to dismiss counsel and counsel's motion to withdraw. The Magistrate Judge granted both motions [Court Doc. 126]. The Court denied Collier's subsequent motion to appoint counsel [Court Doc. 130]. The government has filed a response to the amended § 2255 motion, and it is now ripe for adjudication.

---

[3] Pursuant to the mailbox rule, a *pro se* prisoner's pleading is deemed filed on the date it is handed to prison officials for mailing to the court. *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). The envelope which contained Collier's pleading bears a stamp showing that it was processed in the prison mail room on July 16, 2009 [Court Doc. 95].

## II. ANALYSIS OF AMENDED § 2255 MOTION

Presently before the Court is Collier's amended § 2255 motion [Court Doc. 131]. Collier claims his 441-month sentence violates his right to due process because it was greater than necessary to comply with the goals set forth in 18 U.S.C. § 3553(a) and because the Court failed to conduct an individualized assessment as mandated by the United States Supreme Court. In addition, Collier claims trial counsel was ineffective for failing to object to his 441-month sentence and argues that it was excessive and greater than necessary to accomplish the sentencing goals enumerated in 18 U.S.C. § 3553(a).

The government contends that because the one-year statute of limitation within which to seek collateral review expired on or about June 16, 2008 (one year after the expiration of the 10-day period for filing a direct appeal), Collier's July 16, 2009 amended petition, which was filed more than one-year after the expiration of the one year statute of limitation, is untimely. The government alternatively argues that the amendment lacks merit.

The Court must determine if the amendment was timely filed under § 2255(f), because Collier's proposed amendment is subject to the one year statute of limitations period applicable to a motion filed pursuant to 28 U.S.C. 2255. If the amendment is not timely filed, the Court then looks to Rule 15 of the Federal Rules of Civil Procedure and equitable tolling in reaching regarding the timeliness of the proposed amendment.

### A. Statute of Limitations

Motions filed pursuant to 28 U.S.C. § 2255 are generally subject to a one-year statute of limitation, depending on the date of certain triggering events. 28 U.S.C. § 2255(f). For the reasons explained below, Collier's motion is time-barred under § 2255(f)(1)–"one year from the date on which the judgment of conviction becomes final[.]" Additionally, the statutory provision under which the Court presumes Collier is proceeding–§ 2255(f)(3)"the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review,"–is not applicable.

#### 1. § 2255(f)(1)

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). "For the purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 2001 WL 1136000 (6th Cir. 2001) (UNPUBLISHED), *quoting Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). If a defendant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. If the defendant does not take a direct appeal, direct review is final upon the date on which the time for filing an appeal expired. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002); 28 U.S.C. § 2255(f)(1); Fed.R.App.P. 4(b).

Here Collier did not pursue a direct appeal and his conviction became final ten days after entry of the final judgment by the District Court. *See Clay v. United States*, 537 U.S.

522, 532 (2003).[4] Collier's judgment was entered on June 1, 2007, and therefore, was considered final on June 15, 2007, upon expiration of the ten-day period within which Collier could have filed a direct appeal (which excludes intervening weekends). *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) ("an unappealed federal criminal judgment becomes final ten days after it is entered"); Fed. R. App. P. 4 & 26 (2007).[5] Accordingly, the one year statute of limitations under § 2255 expired on June 15, 2008. Since Collier's motion to amend was filed on July 15, 2009, it is untimely. In addition, Collier's amendment does not meet any of the other three triggering dates for the commencement of the statute of limitations under section of § 2255(f).

### 2. § 2255(f)(3)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) describes four different events which could trigger the limitations period. 28 U.S.C. § 2255 (f)(1)-(4). Although Collier makes no such argument, the Court presumes he is relying on 28 U.S.C. § 2255(f)(3), which provides that the one-year period of limitation shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," as neither of the events presented in section two or four are even arguably applicable here.

---

[4] At the time of Collier's judgment, Rule 4 of the Federal Rules of Appellate Procedure provided, in pertinent part, that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . after the entry of judgement[.]" In addition, Federal Rule of Appellate Procedure 26 provided that the day of the event should be excluded and the last day of the period should be included in most circumstances, but intermediate Saturdays, Sundays, and legal holidays should be excluded from the calculation when the period is less than eleven days.

[5] As previously noted, at the relevant time (June of 2007), Rule 4 of the Federal Rules of Appellate Procedure provided defendants with ten days to file a notice of appeal. Fed. R.App.P. 4(b)(1)(A)(2007). It has since been amended to provide a defendant with fourteen days. Fed. R.App.P. 4(b)(1)(A) (2009).

The Court further presumes that Collier is arguing the statute of limitations applicable to § 2255 motions should be restarted on one of the dates the Supreme Court issued decisions in *Rita v. United States*, 551 U.S. 338, 351 (2007) ("[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply."); *Kimbrough v. United States*, 552 U.S. 85 (2007) ("[T]he statute still requires a court to give respectful consideration to the Guidelines[,]" but permits the court to tailor the sentence to "impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing pursuant to 18 U.S.C. § 3553(a)); *Gall v. United States*, 552 U.S. 38 (2007) ("extraordinary" circumstances are not required to justify sentence outside the guidelines); *Spears v. United States*, 555 U.S. 261 (2009) (explaining that *Kimbrough* holds that a categorical disagreement with and variance from the crack cocaine Guidelines is not suspect); or *Nelson v. United States*, 129 S.Ct. 890 (Jan. 26, 2009) (reiterating that the Guidelines are not mandatory on sentencing courts and are not to be presumed reasonable). There are two reasons such an argument is unavailing: (1) these cases are not retroactively applicable on collateral review, and (2) in any event, Collier's sentence complies with the mandates of these cases.

*a.     Retroactivity*

The first reason Collier is not entitled to a relief is because none of the referenced cases apply retroactively to his case under the retroactivity analysis of *Teague v. Lane,* 489 U.S. 288,310 (1989) (holding that "new rules generally should not be applied retroactively to cases on collateral review"). The Supreme Court specifically stated, in *United States v. Booker*, 543 U.S. 220, 268 (2005), that its holdings there applied "to all cases on direct

review." This statement clearly suggests that the Supreme Court did not intend for its holdings in *Booker* to apply retroactively to cases on collateral review. Likewise, the Sixth Circuit has determined that *Booker's* rule does not apply retroactively in collateral proceedings. *Humphress v. United States*, 398 F.3d 855, 861 (6th Cir. 2005),*cert. denied*, 546 U.S. 885 (2005) (*Booker* not retroactively applicable on collateral review); *also see Duncan v. United States*, 552 F.3d 442 (6th Cir. 2009) (*Booker* does not apply retroactively on collateral review to sentences imposed prior to *Booker* but after *Blakely v. Washington*, 542 U.S. 296 (2004));*Benitez v. United States*, 521 F.3d 625 (6th Cir. 2008) (observing *Booker* has not been made retroactively applicable on collateral review)*; Valentine v. United States,* 488 F.3d 325, 331 (6th Cir. 2007) (same); *but cf. United States v. Vigorito*, 2007 WL 4125914 (N.D. Ohio 2007) (granting § 2255 motion to resentence in accord with § 3553's parsimony provision, finding plain error with regard to sentence since it was pending on direct review when *Booker* was decided). Because the Court concludes that, in the context of this case, the *Rita/Kimbrough/Gall*/*Spears/Nelson* line of cases merely elaborated upon or explained the *Booker* ruling, they are not to be retroactively applicable on collateral review.

Indeed, Collier has not directed the Court's attention to any case, nor is the Court aware of any case, which makes the *Rita/Kimbrough/Gall*/*Spears/Nelson* line of cases retroactively applicable on collateral review. See *United States v. Tchibassa*, 646 F.Supp.2d 144, 149 (D.D.C. 2009) (noting that *Booker* is not retroactively applicable in the case of *In re Fashina*, 486 F.3d 1300, 1303 (D.C. Cir.2007); the court concluded that *Rita/Kimbrough/Gall/Spears/Nelson* merely elaborate on *Booker*, and therefore, likewise,

are not retroactively applicable); *also see United States v. Hairston*, 2008 WL 5156466 (S.D.Miss. Dec. 8, 2008) (*Kimbrough* did not announce a new rule of law but rather reiterated *Booker's* holding that the guidelines are advisory).

Accordingly, since the Sixth Circuit has ruled that *Booker* is not retroactive on collateral review for purposes of post-conviction relief under § 2255, and the Court's research has not revealed a case where the United States Supreme Court or the United States Court of Appeals for the Sixth Circuit have made any of the cases in the *Rita/Kimbrough/Gall/Spears/Nelson* line of cases retroactively applicable to cases on collateral review, the Court concludes that, in the absence of a holding by the Supreme Court or Sixth Circuit that the decisions in that line of cases apply retroactively to cases on collateral review, Petitioner has not satisfied the conditions of § 2255(f)(3).[6] Accordingly, Collier is not entitled to application of § 2255(f)(3) to reset the clock for the one-year statute of limitations applicable to § 2255 motions.

   b.  *Compliance*

Even if *Rita/Kimbrough/Gall/Spears/* or *Nelson* were retroactively applicable, Collier would not be entitled to relief as this Court imposed a reasonable sentence based on consideration of the § 3553(a) factors and in compliance with Supreme Court case law. The Court specifically considered the fact that these three robberies of gas station clerks were accomplished at gun-point with two of the clerks being threatened with death. The other robbery was accomplished by one robber pointing a gun at the clerk while the other

---

[6] Since *Rita, Kimbrough,* and *Gall* were decided in 2007, after the Defendant was sentenced, even if any or all of them were deemed retroactively applicable on collateral review, they would offer no relief to Collier as any motion relying upon them would be required to have been filed in 2008. However, it does appear Collier filed his motion to amend less than one year from the *Spears* and *Nelson* decisions.

robber started counting down from five (PSI, at 5). As the Court explained during sentencing, it considered Collier's case very carefully and viewed Collier as the ring leader who likely influenced his two co-defendants in the robberies (Sentencing Transcript, at 6). As to the nature of the crimes, the Court stated that it is "almost a miracle that no one was killed in this spree of robberies, armed robberies, violent armed robberies . . ."

In addition, the Court noted "Congress and the United States Sentencing Commission have made a policy judgment in these cases that people who participate in this sort of activity who are prosecuted in federal court need to face very, very serious punishments, which Mr. Collier[,] even though I'm going to sentence at the low end of the range here today will face today." (Sentencing Transcript, at 9). Although counsel argued Collier's sentencing guidelines were too harsh for his client who was a 20-year-old first offender, as such a sentencing range far exceeded any sentence he would have received in state court, the Court explained that the harshness of the punishment in federal court reflects the judgment of the people through their elected representatives. The Court then proceeded to explain why it selected a sentence at the low end of the guideline range. *Id.*

The Court explained the sentence was necessary to send a message to anyone else in the community who may be inclined to engage in this sort of activity that they will be punished in the most severe manner. *Id.* at 10. In fashioning Collier's sentence, the Court explicitly stated it had "considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory guideline range, as well as other factors listed in Title 18, United States Code, Section 3553(a)." *Id.* at 10. The Court crafted Collier's sentence only after carefully considering his lack of prior criminal history and his involvement in organizing and executing the crime, which involved substantial

danger to several convenience store employees at gun point and under threat of death. The Court explained that the low end of the guideline range (441 months) was the appropriate sentence for Collier after considering the nature and seriousness of the crime, along with Collier's role in the crime and all of the other pertinent factors. Thus, the Court, realizing it was not bound by the guidelines ("advisory guideline range"), complied with the parsimony provision of the guidelines because it sentenced Collier to a reasonable sentence based on the need for the sentence imposed to, among other things, promote respect for the law, provide a just punishment for such a crime, and afford adequate deterrence to criminal conduct.

As previously noted, Collier also claims counsel was ineffective for failing to argue his sentence violated the parsimony provision of § 3553. Because the sentence complied with the parsimony provision, any ineffective assistance of counsel claim based on this provision is without merit because Collier is unable to establish he suffered any prejudice as a result of counsel's alleged shortcomings.

Having determined that Collier's amended § 2255 motion was filed after the expiration of the applicable statute of limitations, the Court will now explain why the amended motion does not meet the "relation back" criteria of Rule 15(c) of the Federal Rules of Civil Procedure.

**B.     Application of Federal Rule of Civil Procedure 15(c)**

Although a movant may amend a § 2255 motion, if the amendment is filed more than one year after the conviction became final, then the claim in the amendment will generally be time barred unless the amended claim meets the "relation back" criteria of Federal Rule of Civil Procedure 15(c). When a proposed claim in an amendment is barred

by the statute of limitations, Federal Rule of Civil Procedure 15(c) provides for the relation back of amendments to the original pleading under certain limited circumstances.[7] Specifically, in pertinent part, relation back is permitted when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading[.]" Fed.R.Civ.P.15(c)(1)(B).

In *Mayle v. Felix*, 545 U.S. 644 (2005) the Supreme Court rejected a broad reading of "conduct, transaction, or occurrence" when determining whether an amended habeas petition relates back to the original petition. The Supreme Court held that an amended petition does not relate back under Federal Rule of Civil Procedure 15(c) and thereby avoid the statute of limitations "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. In other words, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims.'" *Id*. at 658 (citations omitted). Although the petition in *Mayle* involved a challenge to a state conviction under 28 U.S.C. § 2254, the Court finds the analysis also applies to post-conviction motions challenging federal convictions under 28 U.S.C. § 2255. *See Steverson v. Summers*, 258 F.3d 520, 523 n. 4 (6th Cir. 2001) ("Title 28 U.S.C. § 2255 is essentially equivalent to § 2254. . .").

Thus, if an "amendment [is] offered for the purpose of adding to or amplifying the facts already alleged in support of a particular claim," the amendment relates back to the date of the original petition. *United States v. Hicks*, 283 F.3d 380, 388 (D.C.Cir. 2002)

---

[7] Although the Rules Governing Section 2255 proceedings do not specify a procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion. *See Oleson v. United States,* 27 Fed.Appx. 566, 571 (6th Cir. 2001), *available in* 2001 WL 1631828 (finding untimely amendment to § 2255 motion did not relate back under Rule 15(c)), *Rogers v. United States*, 180 F.3d 349, 352 n. 3(1st Cir. 1999); *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir.), *cert. denied*, 528 U.S. 866 (1999).

(applying Fed.R.Civ.P. 15(C) to motion to amend § 2255 motion). However, if a movant seeks to "introduce a new legal theory based on facts different from those underlying the timely claims," the amendment should not relate back and should therefore be time barred. *Id.* As explained below, although Collier's original and amended motions both raise claims of due process and ineffective assistance of counsel, the amended motion introduces different theories of due process and ineffective assistance based on facts different from those underlying the timely due process and ineffective assistance of counsel claims.

> 1. *Due Process Violation for Court's Alleged Failure to Conduct an Individualized Assessment During Sentencing*

As previously stated, in his amended motion, Collier claims his due process rights were violated when the Court failed to conduct an individualized assessment during his sentencing hearing and sentenced him to 441 months in prison, which violated the parsimony clause in 18 U.S.C. § 3553(a) which requires that a sentence shall not be greater than necessary to comply with the purpose of 18 U.S.C. § 3553(a)(2).

In his original § 2255 motion, Collier raised the following due process claims:

1. The court did not have any advocating from the parties concerning the Petitioner's motion to dismiss his attorney/issue of jurisdiction, but, assumed the Government and the court had jurisdiction when making its judgment on the issue of jurisdiction.

2. The Court gave no Findings of Fact nor any conclusions of law to support its jurisdictional ruling.

3. The Court did not inform the Petitioner of his right to succor [sic] his appeal of the jurisdictional ruling through Rule 11 of the Federal Rules of Criminal Procedures.

Comparing the due process claim in Collier's original § 2255 motion, which related

to the Court's jurisdiction, with the due process claim in his amendment, which relates to the length of his sentence, the proposed amendment attacking the length of his sentence does not clarify or amplify Collier's initial due process claim attacking the Court's jurisdiction. Rather, it raises a new and distinct due process claim that is not related to the grounds initially proffered by Collier. Because Collier's original § 2255 due process claim related to jurisdiction and because his proposed due process claim relates to the length of his sentence, the amendment does not arise from the same core facts as his timely filed claims. Therefore, the amended due process claims is not based on "a common core of operative facts" uniting it with the original due process claim. *Mayle v. Felix*, 545 U.S. at 658. Moreover, while masquerading as a due process claim, Collier's claim that his sentence violates the parsimony clause in 18 U.S.C. § 3553(a) appears to be nothing more than an attack on the Court's sentencing determination.

Nevertheless, having compared the due process claims Collier presented in his original motion with the due process claim presented in his amended motion, the Court concludes the amended due process claim is entirely new and seeks to insert a new theory into the case. Accordingly, Collier is not entitled to the benefit of Rule 15(c)'s relation back provision and therefore, his newly minted due process claim is not timely under the rule.

### 2. *Ineffective Assistance of Counsel*

The second proposed amendment is his claim that his court-appointed counsel rendered ineffective assistance when he failed to object to Collier's "excessive" 441-month sentence on the grounds that it was greater than necessary to accomplish the sentencing goals advanced in 18 U.S.C. § 3553(a).

In his original § 2255 motion, Collier made the following claims of ineffective assistance of counsel:

    1.      Petitioner order Mr. Hinton to file a motion for a jurisdictional hearing which the counselor did not do.

    2.      Counselor Hinton did not challenge the indictment as to jurisdiction during the motion hearing to dismiss attorney with its jurisdictional issue therein.

    3.      This ineffectiveness of counsel created a prejuices [sic] in the fact that the court made a judgment without hearing both sides of the issue concerning jurisdiction; [sic] which caused the next United States Constitutional violation.

    . . .

    1.      Knowing the Petitioner had a fauled [sic] jurisdictional hearing he did not motion for a new hearing.

    2.      He did not succor [sic] the Petitioner's right to appeal the pre-trial hearing ruling by explaining to the Petitioners [sic] his right to make a Rule 11(a)(2) conditional plea in accord with the Federal Rules of Criminal Procedure.

    3.      Counselor Cavett, Jr. Did not file the motion to reduce the Petitioner's sentence under 18USCS § 3582(c)(2)[8] based on amendment 599[9] of the United States Sentencing guidelines being he was convicted under 18 USCS § 914(c)

[Court Doc. 90, at 5, 8].

An untimely-filed amended § 2255 motion raising an ineffective assistance of

---

[8] The Court notes that 18 U.S.C. § 3582(c)(2) provides for modification of an imposed term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . ."

[9] The Court also notes that Amendment 599 became effective on November 1, 2000 (several years before Collier's sentencing) and given retroactive effect. "Amendment 599 clarified that if a sentence for violating 18 U.S.C. § 924(c) "is imposed in conjunction with a sentence for an underlying offense," then the "specific offense characteristic for possession, brandishing, use, or discharge: of the firearm charged in 924(c) should not be calculated into the sentence for the underlying offense." *United States v. Berry*, 196 Fed.Appx. 660, 662 (10th Cir. 2006), *available at* 2006 WL 2590502 (quoting U.S.S.G. App. C, vol. II, Amend. 599 (2000)).

counsel claim does not relate back solely because the timely-filed original § 2255 motion contained an ineffective assistance of counsel claim. Indeed, federal courts have considered Rule 15(c) and have denied leave to amend in contexts similar to this one. For example, in *United States v. Hernandez*, 436 F.3d 851 (8th Cir. 2006), a claim that counsel was ineffective during cross-examination was determined not to relate back to a claim that counsel was ineffective for failing to object to the admission of evidence because "[t]he facts alleged in the original claim were not such that would put the opposition on notice that cross-examination of witnesses was an issue." *Id* at 858. Likewise, in *United States v. Craycraft*, 167 F.3d 451, 456-57 (8th Cir. 1999), the Eighth Circuit held that an untimely claim of ineffective assistance of counsel for not filing an appeal did not relate back to timely claims of ineffective assistance of counsel for not pursuing a downward departure, not objecting to the characterization of the drugs, and not raising challenges to his prior state conviction. The court concluded that counsel's failure "to file an appeal is a separate occurrence in both time and type from a failure to pursue a downward departure or failure to object of the type of drugs at issues." *Id.* Similarly, the Tenth Circuit concluded defendant's supplemental motion raising completely new claims of ineffective assistance of counsel was not a clarification of the original ineffective assistance claim "but instead sought to assert claims totally separate and distinct, 'in both time and type' from those raised in his original motion." *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000).

A comparison of Collier's initial § 2255 claims that counsel was ineffective for failing to make a jurisdictional argument, file a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), and secure his right to file an appeal, with his new claim that counsel failed

to object to his 441-month sentence on the ground that it was greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a), reveals the new proposed ineffective assistance of counsel claim is a new and distinct claim relying upon operative facts different in kind than the facts regarding jurisdiction, failure to secure his right to appeal, and failing to file a motion to reduce his sentence.

Failure to make a jurisdictional argument, to secure his right to appeal, and to file a motion to reduce a sentence are separate occurrences in both time and type from a failure to object to the length of the sentence during a sentencing hearing. Indeed, the jurisdictional argument should be made prior to entry of a plea, the right to appeal should be secured by the plea agreement, and the motion to reduce sentence is made after judgment proceedings. Any argument that the guideline sentence violated the parsimony clause of § 3553, however, should have initially been made during sentencing proceedings.

Thus, Collier's ineffective assistance of counsel claims based on counsel's failure to make a jurisdictional argument, to file a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), or secure his right to file an appeal gave no indication that Collier was challenging counsel's failure to specifically argue, during his sentencing proceedings, that his sentence was greater than necessary to accomplish the sentencing goals advanced in 18 U.S.C. § 3553(a). Consequently, the Government and the Court were put on notice of this theory and allegation for the first time when Collier filed his amended motion, as there was no mention of this argument in his original § 2255 motion. Thus, because the new claim does not arise out of the same core set of operative facts as the original ineffective assistance of counsel claims, the amendment cannot relate back under Rule 15(c) of the Federal Rules of Civil Procedure. Accordingly, Collier is not entitled to

supplement his § 2255 motion with the new ineffective assistance of counsel claim as it does not meet the "relation back" criteria in Fed.R.Civ.P. 15(c).

### C. Equitable Tolling

Under certain circumstances, equitable tolling is applicable to excuse a movant's untimely filing of his federal habeas petition. Although Collier's one year statute of limitations expired prior to filing his motion to amend, he does not argue that equitable tolling is applicable. Nevertheless, the Court has considered equitable tolling and has concluded, as explained below, that even though the one-year statute of limitations in § 2255 is subject to equitable tolling under certain limited circumstances, *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001), Collier's case does not present such a situation.

Generally, to be entitled to equitable tolling, a petitioner must demonstrate he has been diligently pursuing his rights and that some extraordinary circumstance prevented him from timely filing his federal habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Collier has not argued that equitable tolling is applicable in his case nor is there any credible factual evidence of some extraordinary circumstance that prevented him from timely filing an amended motion. Accordingly, equitable tolling does not save Collier's amended motion from the statute of limitations bar.

## III. CONCLUSION

For the foregoing reasons, Collier's amended § 2255 motion is **DENIED** (Court File No.131) and the Court's original Judgment denying and dismissing the § 2255 is **REINSTATED** [Court Doc. 95]. In addition, Collier's motions to apply the rule of lenity [Court Doc. 136]; motion to file his amended § 2255 motion in a civil case [Court Doc. 137]; motion to grant his amended § 2255 motion "as unopposed" [Court Doc. 139]; and motion to strike the government's response [Court Doc. 141] are also **DENIED**.

SO ORDERED.

ENTER:

                                            */s/Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                            UNITED STATES DISTRICT JUDGE